UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bruce A. Roddey, # 262113; | ) | |
| Bernard McFadden, # 199135; | ) | |
| James Ravenel, # 197181; | ) | |
| Eddie L. Hall, # 184752; | ) | C/A No. 6:13-884-JMC-KFM |
| Lewis Duckett, # 295395; | ) | |
| Quanteny McConnell, # 277085; | ) | |
| Sylvester Toomer, # 323392; | ) | |
| Travon Suber, # 261671; | ) | |
| Ronnie Harris, # 364916; | ) | **Report and Recommendation** |
| Lionel Wells, # 318381; | ) | **to** |
| Phillip McCoy, # 299877; | ) | **Dismiss Fifteen Co-Plaintiffs** |
| Randy Curry, # 265809; | ) | |
| Franchez Gross, # 334353; | ) | |
| John Randolph, # 338722; | ) | |
| Charles Johnson, # 252248; | ) | |
| Jonathan Porterfield, # 328448, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Marcia Fuller, *SCDC Dietician*; | ) | |
| Mrs. Ball, *First Name Unknown, Kershaw Cafeteria* | ) | |
| *Supervisor*; | ) | |
| Michael L. Fair, *Legislative Audit Counsel*; | ) | |
| SC District # 6, *Greenville County, State Senate*; | ) | |
| Boyd H. Parr, *Director of Poultry Products and* | ) | |
| *Inspection, in their individual or personal capacities*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

This is a civil rights action purportedly brought by 16 prisoners at the Kershaw

Correctional Institution. Therefore, in the event that a limitations issue arises, Plaintiffs

shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 276 (1988)

(prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding

to district court). Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

Although Bruce A. Roddey is the "lead" plaintiff, it is readily apparent that Complaint was prepared by Bernard McFadden, the second named plaintiff in the above-captioned case (ECF No. 1, ECF No. 1-1, and ECF No. 1-2). Plaintiffs allege that the South Carolina Department of Corrections ("SCDC") has failed to provide adequate nutrition, that Defendant Fair has failed to investigate the SCDC despite repeated requests by Plaintiff McFadden, and that Defendant Parr has failed to respond to Plaintiff's McFadden's inquiries. The Court of Appeals has been receptive to such claims of inadequate nutrition. *See Wilson v. Johnson,* No. 09-7679, 385 Fed.Appx. 319, 320, 2010 WL 2639919 (4th Cir. June 25, 2010). Plaintiff McFadden has brought at least two prior similar actions in this Court. *See Bernard McFadden v. McKie, et al.*, C.A. No. 3:11-673-JMC-JRM; and *Bernard McFadden v. Simon Major, Director Sumter-Lee Regional Center, et al.*, C.A. No. 6:09-2437-RBH-WMC (a spinoff case from *Charles Brown v. Simon Major, Director Sumter-Lee Regional Center, et al.* C.A. No. 6:09-2329-RBH-WMC), where Plaintiff McFadden, as in the above-captioned case, prepared the pleadings in a multiple-plaintiff case but listed himself as a Co-Plaintiff in the caption of the pleadings.

The question of whether multiple plaintiffs can proceed in a single case under the Prison Litigation Reform Act ("PLRA") has required the attention of various federal courts. *See Burke v. Helman*, 208 F.R.D. 246 (C.D. Cal. 2002) (collecting cases). In *Hubbard v. Haley*, 262 F.3d 1194, 1197–98 (11th Cir. 2001), the United States Court of Appeals for the Eleventh Circuit held that multiple prisoners may not join in one action or one appeal.

2

Each Plaintiff's claims are unique to the particular plaintiff. Each Plaintiff must comply with the exhaustion requirement of the PLRA, 42 U.S.C. § 1997e. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (PLRA makes "proper" exhaustion mandatory); and *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (exhaustion is required in all actions brought with respect to prison conditions). Each Plaintiff may have different amounts of damages (if any). Moreover, neither "lead" Plaintiff Bruce Roddey nor Plaintiff McFadden can "represent" the other Co-Plaintiffs. *See Laird v. Tatum*, 408 U.S. 1 (1972); *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *cf. Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action). Each of the 15 Co-Plaintiffs can, if they so wish, prepare and file his own civil rights case relating to food and caloric intake. *See Torres v. O'Quinn*, 612 F.3d 237, 241 (4th Cir. 2010) (the PLRA requires that "indigent prisoners filing lawsuits be held responsible for the full amount of filing fees," although the fee may be paid in installments); and *Hubbard*, 262 F.3d at 1197–98 (multiple prisoners are not allowed to join together in a single lawsuit).

## *Recommendation*

It is recommended that the district court dismiss *without prejudice* the 15 Co-Plaintiffs from this case. Bruce Roddey would remain the sole Plaintiff in this case. Plaintiffs' attention is directed to the important Notice on the next page.


April 11, 2013                                    s/ Kevin F. McDonald
Greenville, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Each of the fifteen Plaintiffs is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

4